UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In the Matter of: Removal Proceedings,

VICTOR SANCHEZ-MONTES

      Petitioner,

vs.                Case No. 8:08-CV-157-T-27-TBM

DEPARTMENT OF HOMELAND
SECURITY (DHS) and UNITED STATES
IMMIGRATION AND CUSTOMS
ENFORCEMENT (USICE)

      Respondents.
_____/

## ORDER

**BEFORE THE COURT** is an unverified Petition (Dkt. 1) and "Petitioner's Urgent and Ex Parte Motion to Schedule a Telephonic Conference with the Court and/or Set the Case for Oral Argument" (Dkt. 2).[1] This Court has conducted an initial review of the Petition and finds that it lacks subject matter jurisdiction. The Petition should therefore be dismissed.[2]

According to the allegations of the Petition, in May 2001, an immigration judge ordered Petitioner removed to Mexico as a result of his convictions of the offenses of aggravated battery on a pregnant victim and battery on a law enforcement officer (Dkt.1, at p. 4). Petitioner alleges he was

---

[1] Petitioner neither paid the filing fee nor moved to proceed *in forma pauperis*. Counsel is remiss in not addressing this.

[2] Rule 12(h)(3) provides that whenever it appears that the court lacks subject matter jurisdiction, "the court shall dismiss the action." *See Jefferson Fourteenth Associates v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 (11th Cir. 1983)(The only provision in the rules for sua sponte dismissal is for lack of subject matter jurisdiction, under Rule 12(h)(3).).

removed pursuant to 8 U.S.C. § 1227(a)(A)(ii) (Dkt. 1, at p. 4).[3] In his Petition, he seeks to have the removal order stayed, Respondents enjoined, the matter remanded and Petitioner's status reinstated (Dkt. 1, at p. 12).

Essentially, Petitioner seeks judicial review of the removal order. This Court lacks jurisdiction to review an order of removal. *See Madu v. U. S. Attorney General*, 470 F.3d 1362, 1367 (11th Cir. 2006). The REAL ID Act of 2005, 8 U.S.C. § 1252(a)(5) and (a)(9), expressly divests the district courts of jurisdiction in cases challenging a final administrative order of removal, deportation, or exclusion. 8 U.S.C. § 1252(a)(5) and (b)(9). Jurisdiction to review an order of removal is vested exclusively in the court of appeals.[4] Moreover, § 1252(a)(C) places restrictions on judicial review of orders removing aliens who, like Petitioner, have been convicted of certain criminal offenses, including aggravated felonies and those who have multiple criminal convictions.[5]

Apparently anticipating the statutory bar on jurisdiction to review habeas petitions challenging removal orders, Petitioner expressly disclaims any intention to "vacate" a prior conviction ". . . for the crime that he has been charged with, and sentenced to, by the Circuit Court

---

[3] Petitioner's removal was likely either pursuant to 8 U.S.C. § 1227(a)(2)(A)(ii) (multiple criminal convictions) or (iii) (aggravated felony).

[4] In relevant part, 8 U.S.C.A. § 1252(a)(5) provides that ". . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section."

[5] In relevant part, 8 U.S.C.A. § 1252(a)(C) provides that ". . .no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section . . . 1227(a)(2)(A)(iii), (B), (C), or (D) of this title, or any offense covered by section 1227(a)(2)(A)(ii) of this title for which both predicate offenses are, without regard to their date of commission, otherwise covered by section 1227(a)(2)(A)(i) of this title.

in and for Levy County, in Florida." (Dkt. 1, pp. 2, 6).[6] Rather, Petitioner seeks to "enjoin the Respondents, particularly the Immigration and Customs Enforcement (ICE), <u>from using the fact of conviction to deport or remove the Petitioner from the United States</u>." (Dkt. 1, p. 2). Petitioner expressly relies on "strong equities" for the relief requested, rather than any defect in the criminal proceedings or judgment of conviction ("there was no apparent legal defect in the original proceedings") (Dkt. 1, pp. 4, 6). Petitioner's jurisdictional contentions are without merit. The REAL ID Act of 2005, to the extent it divested the district courts of jurisdiction to review removal orders, did not limit that prohibition to habeas petitions.[7]

Petitioner argues that the district court has jurisdiction to consider *audita querela* relief in collateral criminal cases pursuant to the All Writs Act, 28 U.S.C. § 1651, relying on *Ejelonu v. I.N.S.*, 355 F.3d 539, 547 (6th Cir. 2004). Although there is authority recognizing that a federal district court may, in limited circumstances, have jurisdiction to consider *audita quereles* relief pursuant to the All Writs Act, those cases were decided before enactment of the REAL ID Act of 2005. Moreover, the instant Petition alleges no circumstance under which a Writ of *audita querelea* could be considered by a federal district court, even if the holdings in those cases survived enactment of the REAL ID Act of 2005. Finally, Petitioner's reliance on *Ejelonu* is misplaced, as a majority of circuits hold that a writ of *audita querela* cannot provide purely equitable relief.

---

[6] Petitioner is apparently a former Florida state prisoner, not a current or former federal prisoner. The Petition is noticeably silent as to Petitioner's exact status in this regard and his custodial status and location when the Petition was filed. The Court presumes that he was in INS custody somewhere in the Middle District of Florida when the Petition was filed.

[7] In relevant part, 8 U.S.C.A. § 1252 (a)(9) provides: "Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28, or any other habeas corpus provision, by section 1361 or 1651 of such title, *or by any other provision of law (statutory or nonstatutory)*, to review such an order or such questions of law or fact.(emphasis added)

3

The common law writ of *audita querela* was generally used to obtain relief by a judgment debtor when a legal defense or discharge arose subsequent to the judgment. *Doe v. I.N.S.*, 120 F.3d 200, 203 (9th Cir. 1997); *United States v. Kimberlin*, 675 F.2d 866, 869 (7th Cir. 1982), *cert. denied*, 483 U.S. 1023 (1987) (citing 7 Moore & Lucas, Moore's Federal Practice 33-46 (2d ed. 1979)). Although the 1946 amendments to Rule 60(b) of the Federal Rules of Civil Procedure expressly abolished the writ of *audita querela* in federal civil cases, use of the All Writs Act, including *coram nobis* and presumably *audita quereles*, remains available in limited circumstances in federal criminal cases, "only if the writ permits a defendant to raise a legal objection not cognizable under existing federal postconviction remedies." *United States v. Ayala*, 894 F.2d 425, 430 (D.C. Cir. 1990) (citing *Morgan v. United States*, 346 U.S. 502 (1954)); *United States v. Kimberlin, supra.* [8]

Petitioner seeks relief on purely equitable grounds. The majority of Circuits which have addressed the use of the Writ of *audita querela* have held that a Writ of *audita querela* cannot provide purely equitable relief and that it is available only if a defendant has a legal defense or discharge to an underlying judgment. *See United States v. Holder*, 936 F.2d 1, 5 (1st Cir. 1991)("if available at all, the writ of *audita querela* can only be available where there is a legal objection to a conviction, which has arisen subsequent to that conviction, and which is not redressable pursuant to another post-conviction remedy"); *United States v. LaPlante*, 57 F.3d 252, 253 (2d Cir.1995) ("[a]udita querela is probably available where there is a legal, as contrasted with an equitable,

---

[8] "[W]e assume the same result would be reached if a criminal defendant could show that relief from a judgment by means of *audita querela* was necessary to plug a gap in the system of federal postconviction remedies. We own to some doubt, however, that such a gap exists, given the availability of section 2255 for defendants in federal custody and *coram nobis* for defendants no longer in federal custody. Moreover, even if there were such a gap, it is very doubtful that audita querela would be the means to fill it. Our research has failed to discover any criminal case in which this writ has ever been asked for, let alone issued; it appears to be primarily a remedy of judgment debtors." 675 F.2d at 869.

objection to a conviction"); *United States v. Reyes*, 945 F.2d 862, 866 (5th Cir. 1991); *Doe v. I.N.S.*, 120 F.3d at 204 ("Equities or gross injustice, in themselves, will not satisfy the legal objection requirement and will not provide a basis for relief.") (citing *United States v. Johnson*, 962 F.2d 579, 582 (7th Cir. 1992)). This Court agrees with the 1st Circuit that "the writ of *audita querela* does not and cannot, under any stretch of imagination, provide a purely equitable basis for relief independent of any legal defect in the underlying judgment." *United States v. Holder*, 936 F.2d at 3.[9]

The only circuit case relied on by Petitioner for the relief requested is *Ejelonu v. I.N.S., Dept. of Homeland Security,* supra. For the reasons explained in the dissent in *Ejelonu* (Judge Batchelder, dissenting), *Ejelonu* is unpersuasive.[10] Significantly, as Judge Batchelder points out, immigration proceedings are purely civil in nature. *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1038 (1984). Accordingly, it would be improper to grant a writ of *audita querela* relating to an immigration matter, since the amendments to Rule 60(b) abolished common law writs such as *audita querela*. See Fed. R. Civ. P. 60(b). Here, Petitioner is not in custody as a result of a criminal conviction. Rather, he is in custody as a result of a civil proceeding conducted by immigration authorities. Accordingly, for purposes of determining whether subject matter jurisdiction exits, this proceeding is necessarily civil in nature, not criminal. As noted, the Writ of *audita querela* has been expressly abolished by Congressional Act in civil proceedings. A federal district court therefore lacks subject matter jurisdiction to consider, let alone grant, a Writ of *audita querela* in this setting, particularly where the relief requested is based solely on equitable grounds.

---

[9] Likewise, a writ of *audita querela* may not be granted when relief is cognizable under § 2255. *United States v. Holt,* 417 F.3d 1172, 1175 (11th Cir. 2005).

[10] The opinion in *Ejelonu* was subsequently vacated and the appeal dismissed by stipulation of the parties. *See Ejelonu v. I.N.S.*, 2004 U.S. App. LEXIS 15581 (2004).

This case is dismissed for lack of subject matter jurisdiction. Petitioner's Urgent and Ex Parte Motion to Schedule a Telephonic Conference with the Court and/or Set the Case for Oral Argument (Dkt. 2) is DENIED as moot. The Clerk is directed to close this case and deny any pending motions as moot.

**DONE AND ORDERED** in chambers this 31st day of January, 2008.

　　　　　　　　　　　　　　　　　　　　／s／ Whittemore
　　　　　　　　　　　　　　　　　　　　JAMES D. WHITTEMORE
　　　　　　　　　　　　　　　　　　　　United States District Judge

Copies to:
Counsel of Record